45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Warren Robert BRUTZMAN, Defendant-Appellant.
 No. 93-50839.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1994.
Decided Dec. 28, 1994.
 
 Before: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Warren Robert Brutzman appeals his conviction for being a convicted felon in possession of a firearm. We have jurisdiction and affirm.
 
 I. Background
 
 3
 United States Postal Service inspectors and Manhattan Beach police officers executed a search warrant at Brutzman's combined home and office as part of an ongoing Postal Service investigation of possible mail and wire fraud offenses arising from Brutzman's telemarketing business. Among the approximately ten agents who executed the warrant were postal inspectors Michael Crivelli and James Harbin. When Harbin asked Brutzman if there were any weapons on the premises, Brutzman, who had a prior felony conviction, disclosed that a shotgun was in an office closet. Although Brutzman was not arrested that night, he eventually was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 924(g)(1).
 
 
 4
 Prior to his trial, Brutzman moved to suppress the statements he made to Harbin concerning the shotgun, claiming that the agents were required under Miranda v. Arizona, 384 U.S. 436 (1966), to advise him of his constitutional rights before obtaining the statements. At the suppression hearing, Brutzman, Crivelli, and Harbin all testified. Brutzman's version of the discussion between him and Harbin differed from Crivelli's and Harbin's. The district court determined that the inspectors' testimony was more credible and relied on it. Accordingly, the district court found that the discussion occurred in the first few minutes of the search, prior to a three-hour long interview in which the agents talked to Brutzman in a private office about the ongoing fraud investigation. Based on these findings, the court held that the questioning did not constitute "custodial interrogation" triggering the requirement of Miranda warnings. Alternatively, the district court held that, under the public safety exception to Miranda, warnings were not required because Harbin asked Brutzman about the presence of weapons as part of the agents' efforts to secure the premises.
 
 
 5
 At trial, the district court made two evidentiary rulings limiting Brutzman's attempts to impeach the credibility of government witnesses. First, Brutzman's attorney attempted to cross-examine government witness Brian Cork regarding the fact that the Postal Service was investigating a corporation whose products were sold by Cork's employer. The government objected and the district court sustained the objection. Later in the trial, Brutzman sought to call postal inspector Charles Berry and U.S. Probation Officer Joan Robinson as witnesses to impeach Harbin's credibility. The district court prohibited their testimony, finding that it would not have been relevant.
 
 II. Analysis
 
 6
 Brutzman appeals, arguing that the district court should have suppressed his statements to Harbin that a shotgun was on the premises and that the district court's evidentiary rulings were erroneous. We affirm his conviction.
 
 A. Miranda Warnings
 
 7
 Brutzman contends that Harbin's question regarding whether weapons were on the premises constituted custodial interrogation, and, therefore, he should have been advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). We conclude that even if Brutzman were in custody, postal inspectors were not required to give Miranda warnings before asking him whether weapons were on the premises.
 
 
 8
 Under the public safety exception to Miranda, a custodial statement obtained in the absence of Miranda warnings need not be suppressed if police obtained the statement in light of an objectively reasonable need to protect either the police or the public from immediate danger. New York v. Quarles, 467 U.S. 649, 659 n. 8 (1984); United States v. DeSantis, 870 F.2d 536, 539 (9th Cir.1989). In United States v. Brady, 819 F.2d 884, 888 (9th Cir.1987), cert. denied, 484 U.S. 1068 (1988), we held that the public safety exception applies when an officer's questions "arose from his concern with public safety" and "his desire to obtain control of what could be a dangerous situation," and not "to obtain evidence of a crime." When an officer's questions result from these motivations, we suspend the prophylactic rule established in Miranda and require suppression of the defendant's statement only if it was made involuntarily. DeSantis, 870 F.2d at 540.
 
 
 9
 Relying on Harbin's and Crivelli's testimony at the suppression hearing, the district court found that Harbin asked Brutzman about the presence of weapons within the first few minutes of the agents' entry into Brutzman's home and office and that the conversation occurred before Harbin interviewed Brutzman in a private office, as part of the process of securing the premises to execute the search warrant. Brutzman points out slight inconsistencies in the agents' testimony on tangential matters. However, the agents' testimony was consistent regarding the timing, location, and purpose of the questioning. We conclude that the district court did not clearly err in accepting this testimony as credible.
 
 
 10
 We agree with the district court that Harbin asked Brutzman whether any weapons were on the premises out of an objectively reasonable concern for the safety of the postal inspectors and police officers executing the search warrant, not to obtain incriminating evidence against Brutzman for unlawful possession of a firearm. Although Harbin was aware of Brutzman's prior felony conviction and knew that he was prohibited from having a weapon, postal inspectors were investigating Brutzman for mail and wire fraud, not possession of a firearm, and were at Brutzman's home and office to execute a search warrant as part of that investigation.
 
 
 11
 Because the public safety exception permitted Harbin to ask whether any weapons were kept on the premises without advising Brutzman of his constitutional rights, the district court properly admitted Brutzman's response.
 
 B. Cross-Examination of Cork
 
 12
 During the government's case-in-chief, Brian Cork, who used to work for Brutzman, testified that he had seen Brutzman with the shotgun and that Brutzman admitted to him that he kept the gun "for protection" because he did not want people "messing" with him. Brutzman's attorney attempted to cross-examine Cork regarding the fact that his new employer sold a product manufactured by a company that was the target of an ongoing Postal Service investigation. Defense counsel knew that Cork himself was not a target of the investigation, but maintained that "somewhere down the road" Cork might want to be on the "good side" of the Postal Service and might therefore testify favorably for the government against Brutzman. The district court sustained the government's objection to the cross-examination and ruled that the Postal Service investigation was irrelevant. We review the district court's determination for an abuse of discretion, United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989), and uphold the determination so long as the jury received sufficient information to "appraise the biases and motivations of the witness." United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 
 13
 Although a defendant has the right to cross-examine witnesses under the Sixth Amendment, Davis v. Alaska, 415 U.S. 308, 315-16 (1974), this right is not unlimited. A defendant has no right to present irrelevant evidence. Even as to relevant evidence, the district court can exclude it if it is outweighed by other legitimate interests. United States v. Dischner, 974 F.2d 1502, 1514 n. 12 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1290 (1993); Wood v. Alaska, 957 F.2d 1544, 1549-50 (9th Cir.1992). As we stated in Chipman v. Mercer, 628 F.2d 528, 531 (1980), "Davis v. Alaska and our own precedents do not require a trial court to permit cross-examination on topics of very slight or marginal relevance simply upon the theory that bias or prejudice might be disclosed."
 
 
 14
 Brutzman's theory that Cork might at some point become a target of a Postal Service investigation of a company whose products were sold by Cork's employer and that Cork would therefore lie in a prosecution for possession of a firearm found during postal inspectors' search of Brutzman's home was mere speculation. Cf. United States v. McClintock, 748 F.2d 1278, 1290 (9th Cir.1984) (when defendant failed to substantiate alleged connection between government witness's testimony and his recent release from IRS claims, evidence of release from claims was properly excluded). Moreover, the jury had more than sufficient evidence to weigh Cork's credibility. The defense's cross-examination revealed that there was "some point of contention" between Brutzman and Cork, that Brutzman thought Cork did not work enough hours when he was Brutzman's employee, that Brutzman had accused Cork of stealing, and that Cork believed that Brutzman owed him more than $23,000. The district court did not abuse its discretion by prohibiting Brutzman from cross-examining Cork about an unrelated Postal Service investigation.
 
 C. Impeachment of Harbin
 
 15
 Brutzman maintains that the district court should have permitted him to call Charles Berry and Joan Robinson to impeach Harbin's credibility, especially with regard to Harbin's written report summarizing Brutzman's statements to him about the shotgun. Robinson was Brutzman's probation officer when postal inspectors searched Brutzman's combined home and office, and Berry is a postal inspector who worked under Harbin's supervision. Robinson would have testified that, although Berry approached her regarding a possible probation violation arising from Brutzman's possession of the shotgun, he never presented any documentation relating to the Postal Service's discovery of the weapon. Brutzman argues that the jury could have inferred from this testimony that, when Berry approached Robinson, Harbin had not yet written his report summarizing his discussion with Brutzman and that he subsequently fabricated the information in the report.
 
 
 16
 The district court did not abuse its discretion by excluding the proffered testimony. The testimony standing alone did not contradict Harbin's testimony that he completed the report within a "matter of days" of the search of Brutzman's home; to conclude otherwise would require evidence from which several inferences would have to be drawn, and there was no such evidence. Moreover, Brutzman's attorney had already cross-examined Harbin rigorously regarding the fact that his written report was not dated and did not coincide completely with notes he took during his interview of Brutzman. Given that Robinson's and Berry's testimony had only marginal relevance, the district court acted within its discretion in deciding that its probative value was substantially outweighed by its cumulativeness. See United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994) (even if district court did not explicitly exclude evidence under Federal Rule of Evidence 403, appellate court may affirm exclusion on that basis).
 
 III. Conclusion
 
 17
 Under the public safety exception to Miranda, postal inspectors were not required to advise Brutzman of his constitutional rights prior to questioning him about the presence of weapons as part of securing the premises to execute a search warrant. The district court did not abuse its discretion by limiting cross-examination regarding an unrelated Postal Service investigation and by excluding the testimony of Robinson and Berry. Brutzman's conviction is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3